27 C.C.P.A. (Patents)

## In re FREEMAN et al.
### Patent Appeal No. 4224.

Court of Customs and Patent Appeals.
Dec. 26, 1939.

Charles E. Riordon and C. Russell Riordon, both of Washington, D. C., for appellants.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claims 43 and 44 in appellants' application for a patent for an alleged invention relating to a method of shaping shoe uppers which have become distorted due to various operations in the manufacture of the shoes.

At the time of the oral argument in this court, counsel for appellants moved to dismiss the appeal as to claim 43. The motion is granted.

Claim 44 reads: "44. The method which comprises supporting a shoe upper on a resistance member in the path of power driven movable pressing means, applying power to said pressing means to drive same, whereby to press top rim portions of a shoe upper against said member simultaneously from opposite sides."

The reference relied upon is: Gimson, 1,850,389, March 22, 1932.

Forty-nine apparatus claims and one method claim have been allowed by the Primary Examiner.

Appealed claim 44 was rejected by the tribunals of the Patent Office on two grounds: First, that the claim appears "to be intended to define over the prior art merely by reciting that the pressing is done by [mechanical] power," as distinguished from manual power; and, second, that the claim is not patentable over the disclosure in the patent to Gimson.

The apparatus disclosed in appellants' application consists of a turret carrying a number of forms over which shoe uppers are placed. The forms are provided with pressing means engageable with the outside of the shoe uppers. The pressing means, which is brought into contact with the shoe uppers by means of mechanical power, presses the shoe uppers against the forms within them.

The patent to Gimson discloses a device for shaping and ironing shoe uppers. The patentee's device consists of forms over which the shoe uppers are placed, and expansible pressing means for pressing the shoe uppers into their desired shape. The pressing means, as stated in the reference patent, may be hollow pads, expansible by means of air pressure so that they will adapt themselves "to variations in the form of different shoes." The expansible pressing pads are brought into contact with the outside of the shoe uppers by manual power, at which time a valve is opened to admit air under pressure to the pads.

Each of the tribunals of the Patent Office was of opinion that the reference patent to Gimson disclosed "the use of power for forcing the pressing means [expansible pads]" against the shoe uppers after they had "first been manually brought into contact" with the shoe uppers, and that, therefore, the operation of the patentee's apparatus and that of appellants, so far as the appealed claim is concerned, was the same.

Counsel for appellants contend that the apparatus disclosed in the patent to Gimson is a "manually operable device"; that the expansible pads are applied to the shoe uppers by manual power; and that the use of mechanical power in appellants' invention "represents a solution to problems which have never been considered nor solved by anything in the prior art." It is further contended by counsel for appellants that the appealed claim is a proper method claim, because "appellants appear to be the very first in this entire art to apply power to a shoe upper shaper, and thereby be enabled to obtain an automatic, synchronized, timed operation, even though shoe upper shaping has been accomplished heretofore by various types of hand apparatus. They are thus entitled to broad protection, as pioneers, not only on their particular apparatus, but also on their method."

Although it is evident that appellants' apparatus involves invention, as indicated by the allowance of forty-nine apparatus claims, and that they have a patentable method, as is indicated by the allowance of one method claim, it does not follow, even if it be assumed that appellants are the first to apply mechanical power to a shoe upper shaper, as argued by counsel for appellants, that appellants are entitled to the method claim here involved.

■ · It will be observed that the claim calls merely for supporting a shoe upper on a resistance member "in the path of power driven movable pressing means." and "applying power to said pressing means to drive same." Accordingly, if it be assumed for the purpose of this decision that the tribunals of the Patent Office erred in holding that the patent to Gimson discloses the use of mechanical power for forcing the pressing pads against the shoe upper, as argued by counsel for appellants, then, so far as the appealed claim is concerned, the most that appellants have done is to substitute mechanical for manual power to bring the pressing means into contact with the shoe uppers. In other words, appellants rely not on the steps in their process to define patentable invention, but rather upon the means by which their process is carried out. It is well settled that the means employed cannot lend patentability to a claimed method. In re Fessenden, 45 App.D.C. 21; In re Oakley, 73 F.2d 934, 22 C.C.P.A., Patents, 834; In re Best, 87 F.2d 475, 24 C.C.P.A., Patents, 857.

■ We think it is clear from the record that the method defined in the appealed claim differs from the reference disclosure only in that, in the appealed claim, mechanical rather than manual power is used to bring the pressing means into contact with the shoe uppers, and that the new and useful results obtained by appellants are due to the means employed and not to the claimed process. In re Reuben O. Gill, 36 F.2d 126, 17 C.C.P.A., Patents, 678.

The appeal as to claim 43 is dismissed, and the decision of the Board of Appeals is affirmed as to appealed claim 44.

Affirmed.