### In re CORNELL.

### Patent Appeals No. 5029.

Court of Customs and Patent Appeals.

June 22, 1945.

Oberlin & Limbach, of Cleveland, Ohio (Oscar C. Limbach, of Cleveland, Ohio, of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

The Board of Appeals of the United States Patent Office having affirmed the decision of the examiner rejecting three claims (being all the claims) numbered respectively 20, 21, and 22 of appellant's application for patent relating to a process of removing voids, or air bubbles, from a plastic vesicular material by centrifugally attenuating it, the instant appeal was taken seeking review of the board's decision.

The specification describes the material upon which the process operates as being of " * * * such a stiffness as to prevent the air bubbles comprising the voids from rising to the surface under ordinary conditions," and states that "A notable example of such a material is lubricating grease" which has a mineral oil base.

Claim 20 is regarded as representative. It reads: "20. The process of removing voids from a plastic vesicular material which comprises the steps of centrifugally attenuating said material into a continuous film mechanically supported on one side only on a substantially coniform surface

whose radial component is substantially greater than its axial component, and thickening and collecting the attenuated film into a centrifugally held body, said process being further characterized by the fact that the material under treatment is continuously in motion under the influence of centrifugal force."

Claim 21 is the same in phraseology with an added limitation for "picking up" the attenuated materials "by deflecting the same from said centrifugally held body." Claim 22 provides for performing the process "at sub-atmospheric pressures."

It is not suggested that the limitations so recited distinguish claims 21 and 22 from claim 20 in any patentable sense.

Each of the claims recites the step of centrifugally attenuating the material into a continuous film, and each recites that the film is "mechanically supported on one side only on a substantially coniform surface whose radial component is substantially greater than its axial component."

The application discloses drawings of an apparatus for centrifuging the materials in order to remove the air bubbles. Its several united features are enclosed within a vacuum chamber which causes the process to be performed at sub-atmospheric pressure as recited in claim 22. What may be described as the basic feature of the unit consists of a hollow member whose length is greater than its width—that is, its "radial component is substantially greater than its axial component." The hollow member is secured to the lower end of a shaft, and in operation it is said to be rotated at high speed. The liquid material to be processed enters the rotating member through a pipe, and a floating baffle on the upper inner side of the member, supported by a spring, causes the material to pass to the inner periphery of the rotating member in the form of a continuous thick film. A radially inwardly directed portion at the outer periphery of the rotating member provides an annular space within which, after its treatment, the material may be recollected and confined under centrifugal force. A discharge tube is provided with a scoop having, in the preferred form, two radially spaced openings whereby, in the language of the brief for appellant, "different layers of the centrifugally impounded mass are discharged through separate pipes." This latter arrangement is alleged to insure that any frothiness of the impounded mass will be discharged separately from the dense mass from which the voids, or bubbles, have been removed. The particular advantage claimed for the dimensional (length-greater-than-width) feature of the hollow member is that it insures the centrifugal attenuation of the continuous film, which is in a relatively thick condition at the center of the member, "into a very much thinner film by the time it reaches the outer periphery of the member," so that "the wall thickness of any bubble entrained in the grease is reduced to extreme thinness."

Two distinct grounds of rejection were applied by the examiner:

First. He held that the claims presented nothing patentable over the following patents:

| | | |
|---|---|---|
| Bushby | 585,552 | June 29, 1897 |
| Borden | 1,667,139 | April 24, 1928 |
| Heald | 2,306,265 | December 22, 1942 |

Second. As recited in his statement following the appeal to the board, he held: "Claims 20, 21 and 22 are further rejected as including apparatus limitations in the process steps. To state that material is supported by a coniform surface is an apparatus limitation and is not a patentable process step. The application does not disclose any process separate from the functioning of an apparatus. The alleged process cannot be effected without an apparatus not patentably different from the apparatus of the application."

The structural feature so alluded to is that defined by the limitation embraced in the clause "mechanically supported on one side only on a substantially coniform surface whose radial component is substantially greater than its axial component." ·

We have experienced some difficulty in interpreting that portion of the board's decision relating to the examiner's second ground of rejection. The board added as an additional reference a patent to Audiffren et al., 1,155,780, issued October 5, 1915, and appellant has offered no objection to its addition although it apparently was not considered by the examiner. Under the circumstances, we deem it proper to quote in full the material part of the board's decision:

"The claims to the method are rejected since they include mechanical details of centrifuge structure but applicant contends that the method can be performed by other structure.

"In any event the structure recited in the claim either is or is not a limitation. In the latter case the claims are anticipated by Borden and Heald. In the former case, the claims are for functions of specific apparatus which differs from Bushby in that the axial component in Bushby is very great relative to the radial component.

"Furthermore we consider it obvious to use Bushby's apparatus to separate gas from grease or oil. The relative axial and radial components as indicated by the examiner may be immaterial and applicant notes, citing the Cornell patent 2,318,293, May 4, 1943, that the process may be performed with different apparatus.

"Be that as it may, the same reduced axial component in element B is described in the patent to Audiffren et al. 1,155,780, Oct. 5, 1915 (page 2, line 34) where the scoops operate on the annulus of material under the influence of centrifugal force.

"Our view is that the mechanical details of the apparatus used in performing the method defined by the claims cannot be said to constitute critical details of a method as distinguished from the function of the machine.

"We are also of the opinion that anyone skilled in the art could use Bushby's apparatus to remove gaseous bubbles or voids from plastic material without invention as a matter of choice. While Audiffren's machine is not used to separate bubbles from grease, it does separate oil from liquid $SO_2$ and we are satisfied that no finding of inventiveness can be based on a critical relation of plastic to a reduced axial component in the centrifuge.

"For the reasons indicated, the decision of the examiner is affirmed."

Seemingly the board did not pass squarely on the patentable effect of the structural limitation, independently of the cited prior art, but rather made a somewhat conditional holding thereon.

 Since this feature poses the only question of law involved, and since, if the examiner's holding upon it was correct it determines the issue without reference to the prior art, we think it somewhat regrettable that the board was not more definite in its expression regarding it. However, it did not expressly overrule the examiner's holding, but apparently agreed with it, at least conditionally, and the brief of the Solicitor for the Patent Office, citing authorities, discusses the question as follows:

"Although the appealed claims are process claims in form, they contain the apparatus limitation 'a substantially coniform surface whose radial component is substantially greater than its axial component.'

"While it is true that the mere fact that a method or process may be performed by a machine does not necessarily mean that an inventor of the process may not claim the process, yet if the process be nothing more than the function of some particular mechanism, it is not a patentable process. In re McCurdy, 76 F.2d 400, 22 C.C.P.A., Patents, 1140; In re Oakley, 73 F.2d 934, 22 C.C.P.A., Patents, 834; In re Freeman et al., 108 F.2d 244, 27 C.C.P.A., Patents, 795.

"In Black-Clawson Co. v. Centrifugal Engineering and Patents Corporation, 6 Cir., 83 F.2d 116, 119, the court said: ' * * * It is now well settled that operations which consist entirely of mechanical transactions, and which are only the peculiar functions of the respective machines which are constructed to perform them, do not constitute processes which are patentable in the United States.'

"In that case, as in the present one, the claims were for a process involving the use of a centrifuge, and the court held the claims invalid as being for the function of the apparatus.

"In the present case the process as claimed is limited to the use of a centrifuge having the particular coniform surface recited in the claims. It is therefore submitted that the appealed claims clearly fall in the class condemned by the Courts."

 It seems to us that one of the vitalizing steps defined in the claims—that is, the step (which is the first step) of "centrifugally attenuating said material into a continuous film mechanically supported on one side only on a substantially coniform surface * * *" defines structure, and that all subsequent steps are dependent upon it. Therefore, under the authorities cited by the Solicitor, we think the claims were properly rejected. The several authorities cited on behalf of appellant are not deemed to be in point on the precise question of a structural limitation as presented here, but relate rather to questions of anticipation. The claim quoted from the application involved in the case of In re Walch et al., 87 F.2d 511, 24 C.C.P.A., Patents, 894, does not embrace a structural limitation such as that here involved.

It is noted from the board's decision that before it appellant cited a prior patent of his, No. 2,318,293, issued May 4, 1943, as showing a different kind of apparatus upon which the process might be performed. That patent was not included in the record certified to us, nor is it referred to in appellant's brief before us. We, therefore, may not consider it.

Because of our view respecting the second ground of rejection advanced by the examiner, it is unnecessary to discuss the prior art.

The decision of the board is affirmed.

Affirmed.